**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| John Rembert, | : | Case No. 1:07CV1189 |
| | : | |
| Petitioner | : | Judge Kathleen M. O'Malley |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Julius Wilson, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his July 9, 2004 convictions pursuant to a jury trial upon one count of aggravated robbery with a firearm specification, upon which he was sentenced to nine years incarceration; one count of robbery with a firearm specification, which was merged into the prior count; one count of kidnapping with a firearm specification, upon which he was sentenced to nine years in prison; one count of abduction with a firearm specification, which was merged into the kidnapping count; and one count of having weapons while under a disability with firearm and repeat violent offender specifications, upon which he was sentenced to three years in prison on the primary count and an additional three years incarceration on the firearm specification, with the sentences to be served consecutively for an aggregate term of twenty-four years.

On August 10, 2004 petitioner, acting through new counsel, appealed his convictions to the Ohio Fifth District Court of Appeals, alleging two assignments of error:

1

> I. Appellant was denied a fair trial when the trial court coerced the State's witness, Kimberly Gorman, into testifying.
>
> II. Appellant was denied the right to effective assistance of counsel.

The appellate court summarized the pertinent procedural history and facts of the case as follows:

> On October 8, 2003, appellant was indicted on five separate counts, all of which contained a firearm specification: one count of aggravated robbery, a violation of R.C. 2911.01(A)(1), one count robbery, a violation of R.C. 211.02(A), one count kidnapping, a violation of R.C. 2905.01(A)(2), one count abduction, a violation of R.C. 2905.02(A)(1), and one count of having a weapon under disability, a violation of R.C. 2923.13(B). The indictment also contained a repeat violent offender specification, pursuant to R.C. 2941.149.
>
> The matter proceeded to jury trial on July 8 and July 9, 2004. The following facts were elicited at trial. Kimberly Gorman was planning to rob her father, Kenneth Gorman, in order to obtain some money and Xanax pills from his residence. Kimberly first approached her boyfriend, Joe Thompson for help, but he refused to help her commit the robbery. Thereafter, Kimberly contacted appellant, whom she called "J.R." Appellant agreed to participate and told Kimberly to meet him at Liberty Park. From there, Kimberly and the appellant went to the appellant's house to work out a plan. The plan that they worked out was that Kimberly would knock on the door while appellant was hiding against the house on the left side of the door. Once her father opened the door, Kimberly would go inside. When Kimberly looked out the door it was appellant's cue to come inside.
>
> Around 9:00 that evening, appellant and Kimberly got into appellant's car and drove to Kenneth Gorman's house. While Kimberly was hiding in the back seat, she noticed a shot gun partially covered with a jean jacket on the floor. When they arrived at her father's house, Kimberly went to the door while appellant hid behind the porch swing against the house. Kimberly knocked at the door, and when her father answered, she told him that she was in trouble and needed to come in. She then went into the house and looked back, giving appellant his cue to come inside. Appellant pushed his way into the residence, armed with a shotgun. Appellant

pointed the shotgun at Kenneth Gorman and told him to do as he said. Mr. Gorman attempted to fight back by grabbing the shotgun barrel but appellant hit him in the chin with the shotgun. Appellant ordered Mr. Gorman into the bedroom and to lay face down on the bed. Appellant ordered Kimberly to tie her father up but she could not. Appellant then put tape around Mr. Gorman's mouth and his wrists and hog tied him with a phone cord. Appellant had brought the tape and phone cord with him. Appellant then went through Mr. Gorman's pockets and stole some money. Appellant then told Kimberly to go upstairs and look for the rest of the money and the Xanax pills. When she came back downstairs, appellant had carried her father into the bathroom. Appellant threatened to kill Mr. Gorman if he moved. Kimberly and appellant then left, leaving Mr. Gorman tied up in the bathroom.

Kimberly and appellant went back to appellant's house to split up the money and smoke some crack cocaine. Mr. Gorman was able to untie himself and called 9-1-1. When Officer McKinley of the Mansfield Police Department arrived in response to the 9-1-1 call, Mr. Gorman gave him a description of the man who committed the robbery with his daughter. Officer McKinley testified that Mr. Gorman advised him that the man was a black male, approximately 5'9", 170 pounds and wearing black clothes.

Kimberly Gorman was arrested and taken to the Juvenile Detention Center on November 26, 2003. She initially refused to cooperate with police, but later informed the police that the man who had participated in the robbery was named J.R. She identified appellant in a photo array shown to her. Mr. Gorman also picked appellant out of the photo lineup.

Based on the identification provided by Kimberly and Kenneth Gorman, the police determined that J.R. was appellant, John Rembert. It was also determined that appellant was on parole.n1 Appellant's parole officer was contacted. Appellant's parole officer conducted a search of appellant's residence. During that search, parole officers found a shotgun and a jean jacket.

---

n1 Appellant had prior convictions for aggravated robbery, robbery and rape.

---

The jury returned a verdict of guilty on all counts and found

3

>appellant guilty of the firearm specification.  In addition, the trial court made a finding of guilt on the repeat violent offender specification.

On September 2, 2005 the appellate court affirmed the convictions and sentences imposed by the trial court.

On October 14, 2005 petitioner, now acting pro se, appealed the state appellate court ruling to the Ohio Supreme Court alleging the following two propositions of law:

>**Proposition of Law No. I:** When the trial court coerced the State's witness, Kimberly Gorman, to testify, appellant was denied due process and equal protection of the law, in violation of the Fourteenth Amendment to the United States Constitution.
>
>**Proposition of Law No. II:** When appellant is denied the effective assistance of counsel his rights as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article One Sections Ten and Sixteen of the Ohio Constitution are violated.

On January 25, 2006 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner did not appeal this decision to the United States Supreme Court.

While his appeal to the state supreme court was pending petitioner, acting pro se, filed a timely application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, claiming that he had been denied the effective assistance of appellate counsel by reason of counsel's alleged failure to raise a meritorious claim on direct appeal and failure to properly explain how the trial court had coerced the testimony of witness Kimberly Gorman.

On February 23, 2006 the appellate court denied petitioner's application to reopen, holding that he had failed to demonstrate a genuine issue that his appellate counsel had been ineffective. Specifically, the court held that as regarded petitioner's claim that his appellate counsel had failed

4

to challenge on appeal the trial court's decision permitting his parole officer to testify that he had prior convictions, without the court bifurcating the weapons charge from the other charges, in light of the limiting instruction given by the trial court to the jury, as well as the overwhelming evidence of guilt via the testimony of Ms. Gorman and of the victim and the police search of petitioner's residence which yielded a shotgun, even if there had been errors committed they would have been harmless.

With regard to the petitioner's claim that appellate counsel was ineffective when he raised an assignment of error pertaining to the admission of the testimony of Ms. Gorman without explaining how that admission prejudiced petitioner, the court found that the assertions offered in support of the claimed error were premised upon information outside the record and, therefore, were not properly before the appellate court.

Petitioner appealed to the state supreme court the denial of his Rule 26(B) application to reopen his direct appeal, advancing the following sole proposition of law:

> **Proposition of Law No. I:** When an application for reopening an appeal, based on ineffective assistance of appellate counsel, is denied, then the appellant's Sixth and Fourteenth Amendment rights as guaranteed by the United States Constitution and Article One Sections Ten and Sixteen of the Ohio Constitution are violated.

On May 10, 2006 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On April 23, 2007 the petitioner filed the instant petition in which he presents the following two claims for relief:

> **A. GROUND ONE:** Petitioner was denied the effective assistance of appellate counsel, due process and equal

5

>
> protection of the law, when counsel failed to properly address the trial court coercion of testimony from the State's key witness in violation of the Fourteenth Amendment to the United States Constitution.
>
> **B.     GROUND TWO:** Petitioner was denied the effective assistance of appellate counsel, due process and equal protection of the law when counsel failed to raise petitioner's most viable, significant and obvious issue on direct appeal in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

In light of the concession by the respondent that there are no issues of untimeliness, failure of exhaustion, or procedural bar in this case, this Court will turn its attention to merits review.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings. Williams v. Taylor, 529 U.S.

6

362, 120 S.Ct. 1495 (2000). A state court adjudication is deemed as being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A state court adjudication is deemed as involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court...as of the time of the relevant state-court decision;" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Circuit Court of Appeals has interpreted the foregoing as holding that even if a federal habeas corpus court determines that a state court incorrectly applied federal law it may not grant relief in habeas corpus unless it finds that the state court ruling was also unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000), citing Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000), cert. denied, 121 S.Ct. 808 (2001).

In his two claims for relief petitioner challenges the decision of the state appellate court denying his Rule 26(B) application to reopen his direct appeal, arguing that he was denied the effective assistance of appellate counsel.

A petitioner claiming ineffective assistance of counsel must demonstrate that counsel's

7

conduct was so far below acceptable standards of representation that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and that such deficient performance so prejudiced the defense as to render the trial unfair.  Strickland v. Washington, 466 U.S. 668 (1984).  See also, United States v. Bavers, 787 F.2d 1022 (6th Cir. 1985).  Disagreement by a defendant with tactics and/or strategy will not support a claim of ineffective assistance, and a petitioner in habeas corpus must overcome a presumption that challenged conduct of counsel was a matter of strategy, Strickland, 466 U.S. at 689.  Accord, Wilson v. Yukins, unreported, 1999 U.S.Dist. LEXIS 7644 (E.D.Mich. 1999).   The prejudice prong of the test may be satisfied by a showing that counsel's error deprived the petitioner of a fundamentally fair trial which resulted in a verdict lacking in reliability.  Kimmelman v. Morrison, 477 U.S. 365 (1986).

The Sixth Amendment right to effective assistance of counsel extends to appellate counsel on direct appeal of a criminal conviction.  Evitts v. Lucey, 469 U.S. 387 (1985).  The Sixth Circuit Court of Appeals has held that:

> In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions.  Strategic choices by counsel, while not necessarily those a federal judge in hindsight might make, do not rise to the level of a Sixth Amendment violation.

McMeans v. Brigano, 228 F.3d 674, 682 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (Citations omitted.).  The failure of appellate counsel to assert claims on appeal cannot rise to the level of denial of a constitutional right unless such failure was so ill-advised as to have caused petitioner to effectively have been without counsel.  Burton v. Renico, 391 F.3d 764 (6th Cir. 2004).

A petitioner asserting appellate counsel's failure to raise unasserted claims will not be able to establish such a showing even if the unasserted claims are deemed not to have been frivolous, if those claims are without merit. Ibid.

Under the AEDPA this Court must first determine whether the state court's application of the Strickland standard was objectively unreasonable. Alley v. Bell, 307 F.3d 380, 400 (6th Cir. 2002), quoting Bell v. Cone, 152 L.Ed.2d 914, 122 S.Ct. 1843, 1852 (2002) ("under §2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." (Citation omitted.)).

In its February 23, 2006 opinion denying petitioner's Rule 26(B) application to reopen his direct appeal the state appellate court rejected petitioner's claim of ineffective assistance of appellate counsel with regard to counsel's failure to sufficiently challenge the trial court's coercion of testimony from Kimberly Gorman, holding in pertinent part:

> [A]ppellant contended in the application that appellate counsel was ineffective when he raised an assignment of error concerning the manner in which the trial court coerced the testimony of Kimberly Gorman but failed to explain how the trial court's coercion prejudiced appellant. In the prior appeal, appellant asserted that he was denied a fair trial when the trial court coerced Ms. Kimberly Gorman to testify by threatening to find her in contempt and to sentence her to eight months in the Ohio Reformatory for Women, to be served after she completed the current sentence at the Department of Youth Services. Appellant asserts that Ms. Gorman's testimony was tainted as a result of the trial court's actions and that she has since recanted her testimony. Further, appellant asserts that Kenneth Gorman, the victim of the offenses, has since told police that he believes that it was another man who committed the robbery. Essentially, appellant asserts that Kenneth Gorman only testified as he did to avoid the trial court threatening

>and coercing him to testify as it did Ms. Gorman. However, all of these assertions are outside of the record before this court. Appellant has yet to point to anything in the record before this court that demonstrates prejudice to appellant. n1 Accordingly, we
>
>_____
>
>n1 This court's review on direct appeal is limited to the record that was before the trial court. App. R. 9(c); *Lamar v. Marbury* (1982), 69 Ohio St.2d 274, 278, 431 N.E.2d 1028.
>
>_____
>
>find that appellant has failed to create a genuine issue as to whether appellant was deprived of the effective assistance of appellate counsel.

This Court finds that the foregoing conclusions of the state appellate court that the petitioner's appellate counsel's failure to adequately argue on appeal the issue of the trial court's alleged coercion of the testimony of Ms. Gorman did not rise to the level of ineffective assistance of counsel was not an objectively unreasonable application of <u>Strickland</u> to the facts of this case, nor was it an unreasonable determination of the facts in light of the evidence presented, particularly considering the evidence against petitioner at trial, including the testimony of the victim, as well as the fact that his argument is premised entirely on his own unsupported allegations, all of which would undermine petitioner's claims of prejudice.[1]

In his second claim for relief the petitioner alleges that he was denied the effective assistance of appellate counsel by reason of failure to raise on direct appeal the issue of trial counsel's ineffectiveness due to his failure to sever/bifurcate the charge of having a weapon while under a disability or trial counsel's failure to challenge the trial court's failure to sua sponte

---

[1]To the extent that the respondent postulated that petitioner could have been attempting to present a slightly different argument than raised in his application to reopen the direct appeal, being that the testimony of Mr. Gorman, which was unreliable due to his concern that the trial court would coerce him the way it allegedly coerced his daughter, resulted in the faulty identification of petitioner as the perpetrator of the crime, the petitioner has clarified in his brief in response to the return of writ that his argument is purely one of ineffective assistance as presented to the state appellate court.

10

bifurcate the proceedings. The state appellate court opted not to address the separate roles of the participants in the decision not to bifurcate, but instead decided that petitioner was not prejudiced by his appellate counsel's failure to raise this argument on appeal as in that court's opinion he would have been convicted in any event based on the evidence of his guilt presented at trial:

> An application for reopening is to be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. App. R. 26(B)(5). To establish such a claim, the applicant must demonstrate that appellate counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668; *State v. Bradley* (1989), 42 Ohio St.3d 136. Upon review, we find that appellant has failed to demonstrate a genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal.
>
> * * * * *
>
> First, appellant contended in the application that his appellate counsel was ineffective when he failed to assign as error on direct appeal that the State was permitted to enter evidence of appellant's prior felony conviction into evidence. The State was permitted to have appellant's parole officer testify that appellant had been found guilty in 1988 of aggravated robbery, aggravated burglary and rape. The parole officer did not testify to any details of the prior conviction or the offenses. However, appellant contends that appellate counsel should have argued that appellant was denied a fair trial as a result of the alleged error. Essentially, appellant contends that the trial court should have sua sponte bifurcated the weapons under disability charge from the other charges or trial counsel should have moved to sever the weapons under disability charge. As an alternative, trial counsel should have immediately objected to the evidence. Appellant argues that the evidence was of an inflammatory sort and may have swayed the jury to convict him.
>
> We find that appellate counsel was not ineffective in failing to raise this issue on appeal. Initially, we note that the trial court gave a limiting instruction to the jury in which it instructed the jury that it was to consider the parole officer's testimony only as an element of the weapons under disability charge. Further, in this court's prior opinion filed September 2, 2005, this court found that the evidence

11

> of guilt was overwhelming. Appellant was indicted on one count of aggravated robbery, kidnapping, and having a weapon while under disability. Kimberly Gorman, who was involved in the incident, testified in detail about the incident and identified appellant as her accomplice. The testimony included how the victim was tied up by appellant and how appellant stole the victim's money and Xanax pills. Kimberly also testified that she saw a shotgun in the back of appellant's vehicle prior to the incident. The victim, Kenneth Gorman, also testified. He identified appellant as the assailant and testified in detail about appellant's actions. Last, after the incident, a search of appellant's residence was conducted and an operable shotgun was found. We find that even if the above alleged errors were error, they would be harmless. Accordingly, we find no grounds to reopen appellant's appeal.

This Court finds that the foregoing conclusions of the state appellate court that the petitioner's appellate counsel's failure to adequately challenge on appeal the issue of trial counsel's ineffectiveness in not challenging the trial court's failure to bifurcate/sever the charge of having a weapon while under a disability, or trial counsel's failure to challenge the trial court's failure to sua sponte bifurcate the proceedings, did not rise to the level of ineffective assistance of counsel was not an objectively unreasonable application of Strickland to the facts of this case, nor was it an unreasonable determination of the facts in light of the evidence presented, particularly considering the evidence against petitioner at trial, including the testimony of the victim and petitioner's accomplice, which would undermine petitioner's claims of prejudice.

As a consequence of the foregoing, petitioner's claims of ineffective assistance of appellate counsel are without merit, and it is, therefore, recommended that the petition be dismissed without further proceedings.

                                                  s/DAVID S. PERELMAN  
                                                  United States Magistrate Judge

DATE:    September 24, 2007

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).